October 28, 1906, both the plaintiff and the defendant's husband were asked if they intended to offer further evidence, that each replied in the negative, and that thereupon the testimony was declared closed. Frankl, recognizing that situation, attended at the meeting on November 4, 1906, to consider the evidence and to decide upon an award. The questions at issue were discussed at length by each of the arbitrators, and it was only when Frankl learned that Vorhaus and Holde were opposed to his views and intended to find for Ehrlich that he insisted upon a reopening of the hearings to enable the defendant to submit additional proof, and it was only after defendant's husband had been notified by Frankl of the intention to find for the plaintiff that he became active in his efforts to have the arbitration opened. This objection was, therefore, an afterthought, resorted to by the defendant only when apprised of defeat.

This rather extended discussion may have magnified the gravity of the charges, which are, however, of a frivolous nature. At most the finality of an analysis of the facts reduces this application to an attempt to predicate misconduct and partiality upon an assumption of error in judgment. Such an assumption cannot be made the basis for a vacatur of the award. Perverse misconstruction or positive misconduct must be plainly established. Matter of Wilkins, supra.

But the defendant contends that, even if he has not shown misconduct on the part of the arbitrators, the award must be vacated, for the reason that it was made on Sunday and is therefore void. This statement is misleading; for, although the award was discussed and practically agreed upon on Sunday, it was not made, published, nor delivered until the following day.

It follows that the motion must be denied, with $10 costs.

Motion denied, with $10 costs.

---

(53 Misc. Rep. 342.)

### In re AMSTERDAM AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. March, 1907.)

1. EMINENT DOMAIN—REPORT OF COMMISSIONERS—FAILURE TO CONFIRM.
   Where the report of the commissioners of estimate and apportionment in a proceeding to acquire lands for a street in New York City was not confirmed, and new commissioners were directed to reconsider the previous report and revise it, or make a new report, it was error to reject portions of the testimony given before the first commissioners by the property owners.

2. SAME—DAMAGES—VALUATION—ELEMENTS.
   In proceedings to condemn land for a street, a lot having a space of 25 feet between it and a building on adjoining property, giving it light and air on three sides, could not be considered as an ordinary inside lot, though the city owned the adjoining property with a right to build thereon.

In the matter of Amsterdam avenue in the City of New York. Motion to confirm report of commissioners denied, and report referred back to the commissioners.

Edward H. Hawke, Jr., for claimant.

Wm. B. Ellison, Corp. Counsel, for city of New York.

BLANCHARD, J. This is a motion to confirm the report of commissioners of estimate and appraisal. Two sets of commissioners have been appointed in this proceeding. The first commission reported, and both the city and owners of the property opposed the confirmation of its report, and it was rejected by the court and new commissioners were appointed, and it is their report which is now before the court for confirmation.

In appointing this new commission the court directed it to reconsider the previous report and the subject-matter thereof, and return it corrected and revised, or to make a new report. The first commission appointed estimated the damages of the property owner at $32,000, and the second commission estimated the damages at $27,000. The owner opposes the confirmation. During the hearing the property owner offered in evidence certain portions of the testimony given in the hearing before the first commission, and it was rejected. I think this was error, in view of the language of the order appointing the commission. If the report of the previous commissioners was to be reconsidered by the new commission, it would seem that the testimony on which it was based should also be considered by it.

Moreover, I am of the opinion that the commission erred in treating the property to be taken as an ordinary inside lot. There was a space of about 25 feet between it and the building on the adjoining property, which gave it an advantage over an ordinary inside lot, in that it thus had light and air on three of its sides. While the circumstance that the city owned the adjoining property and possessed the right to build upon it any time might lessen, if not destroy, the value of the advantage referred to, it is, nevertheless, an element of damage which the commissioners should have taken into consideration.

The report will be referred back to the same commission, to take into consideration the testimony given in the first commission, and the value, if any, of the advantage of the property in question not being an ordinary inside lot.

Ordered accordingly.

---

ZEIGLER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. June 6, 1907.)

APPEAL—EVIDENCE—REVERSAL.

Where, in an action for injuries due to the alleged faulty construction of a subway, plaintiff's testimony and admissions with reference to the side of the train from which he alighted, were in irreconcilable conflict, he was not entitled to a reversal of a judgment for defendant, because the court limited the testimony with reference to defects to the west side of the platform in question, where a verdict for plaintiff could not stand.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Ernest Zeigler against the Interborough Rapid Transit Company. From a judgment in favor of defendant, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.